United States Court of Appeals
Fifth Circuit

**F I L E D**

September 7, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-11129

———————————

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

MICHAEL PAUL OWEN,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:03-CR-00-C-1
--------------------

Before REAVLEY, JONES AND DENNIS, Circuit Judges

PER CURIAM:[*]

    Michael Paul Owen appeals his convictions, entered pursuant
to a conditional plea of guilty, for conspiring to distribute and
to possess with the intent to distribute more than 500 grams of a
mixture and substance containing methamphetamine; possessing
ephedrine with the intent to manufacture methamphetamine;
possessing with the intent to distribute more than 50 grams of
methamphetamine; and distributing methamphetamine to a person

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1

under 21 years of age.  See 18 U.S.C. § 2, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(c), 846, and 859(a).  He argues that the district court erred in denying his motion to suppress all evidence obtained directly or indirectly as the result of the warrantless seizure of a package he had entrusted to the United Parcel Service for delivery to California and all evidence obtained directly or indirectly as a result of his arrest. In addition, Owen has submitted a supplemental brief asserting that his sentence is unlawful under Blakely v. Washington, ___ U.S. ___, 124 S. Ct. 2531 (2004).  We conclude that Owen's challenges to both the district court's denial of his motion to suppress evidence and his sentence are without merit.

The record reveals that investigators had sufficient probable cause to believe that the package in question contained cash for the purchase of illegal drugs and the warrantless seizure of that package was justified by exigent circumstances. See United States v. Grosenheider, 200 F.3d 321, 330 n.10 (5th Cir. 2000)(citing United States v. Place, 462 U.S. 696, 701 (1983)); United States v. Martin, 157 F.3d 46, 52 (2nd Cir. 1998).  Moreover, the approximately 24 hours that lapsed before a search warrant was procured was reasonable.  See United States v. Lewis, 902 F.2d 1176, 1180 (5th Cir. 1990).

Finally, this Court has concluded that Blakely does not apply to the federal Sentencing Guidelines. United States v. Pineiro, ___ F.3d ___, 2004 U.S. App. LEXIS 14259, 2004 WL

2

1543170 at *9 (5th Cir. July 12, 2004). Unless the Supreme Court offers intervening authority, we are bound by the ruling of a prior panel. <u>Wilson v. Taylor</u>, 658 F.2d 1021, 1034 (5th Cir. 1981). Accordingly, the district court's judgment is AFFIRMED.